UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Continental Casualty Company,<br><br>    Plaintiff,<br><br>vs.<br><br>Richard Allen Slayton, Fluor-Lane South Carolina, LLC and Dana L. Yantis,<br><br>    Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>C.A. No.:  9:21-cv-3032-BHH |

1. The plaintiff, Continental Casualty Company (hereinafter referred to as "CCC"), is an insurance company organized and existing under the laws of the State of Illinois with its principal place of business in that state and is authorized to issue insurance policies in the State of South Carolina.

2. The defendant, Allen Richard Slayton (hereinafter referred to as "Mr. Slayton") is a citizen and resident of the State of South Carolina.

3. The defendant, Fluor-Lane South Carolina, LLC (hereinafter referred to as "Fluor-Lane") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in South Carolina.

4. The defendant, Dana L. Yantis, is a citizen and resident of the State of South Carolina.

5. CCC seeks a determination from this court of its coverage obligations, if any, to Mr. Slayton arising out of claims made in a lawsuit captioned "*Dana L. Yantis, Plaintiff vs. Fluor-Lane South Carolina, LLC and Allen Richard Slayton, Defendants*", which action bears Civil Action No.: 2020-CP-18-01128. That action (hereinafter referred to as "the Underlying Action") is currently pending in the South Carolina, Dorchester County Court of Common Pleas. Copies of the summons and complaint in the Underlying Action are attached hereto collectively as Exhibit 1.

6.  CCC has named Fluor-Lane and Dana L. Yantis as defendants in this action because they are believed to possess some actual or potential interest that may be implicated by the relief requested herein and being named as parties affords them an opportunity to participate in this action with respect to any such interest they may have and to bind them to the adjudication of the matters raised and resolved herein. Fluor-Lane and Dana L. Yantis are sued as interested parties only. CCC does not seek affirmative relief against Fluor-Lane or Dana L. Yantis.

7.  Jurisdiction exists in this court because there is complete diversity of citizenship between CCC and the defendants and the amount in controversy, including the cost of defending and indemnifying Mr. Slayton in the Underlying Action, exceeds $75,000.00. This court thus has jurisdiction based upon 28 § U.S.C. § 1332(a).

8.  Additionally, venue is appropriate under 28 § U.S.C. 1391 because the incident at issue in the Underlying Action occurred in Charleston County, South Carolina.

9.  This action is brought pursuant to the provisions of the Uniform Declaratory Judgment Act, as codified in 28 U.S.C. § 2201.

10. CCC is informed and believes that the court's declarations in this case will confer certainty on the parties and serve the interests of justice.

**UNDERLYING LITIGATION**

11. The Underlying Action arises out of an accident which occurred on January 2, 2020. Upon information and belief, the accident occurred when Mr. Slayton was operating a crane owned by Fluor-Lane and was travelling in a westbound direction in a construction area parallel to Interstate 26 in Charleston County, South Carolina. At the same time, Dana L. Yantis was operating a 2016 Chevrolet Pick-Up and was travelling on Interstate 26 adjacent to Mr. Slayton. It is alleged that the crane being operated by Mr. Slayton struck a utility pole, causing the pole to

2

collapse which resulted in four (4) power lines falling across all lanes of Interstate 26 and striking Dana Yantis' vehicle, causing her injuries.

12.     Following the accident, Dana L. Yantis filed the Underlying Action against Fluor-Lane and Mr. Slayton on July 30, 2020.  The complaint includes two (2) causes of action including a negligence claim as to both defendants and a negligence and negligent entrustment claim as to Fluor-Lane.  A summons was issued in connection with the filing of the Underlying Action on July 30, 2020.  According to an Affidavit of Service that was filed in the Underlying Action on August 31, 2020, Mr. Slayton was personally served with the summons and complaint on August 15, 2020, at 236 Fox Run Road, St. George, South Carolina.

13.     Following his receipt of the summons and complaint in the Underlying Action, Mr. Slayton failed to notify Fluor-Lane or CCC of the service of the summons and complaint upon him and also failed to turn the summons and complaint over to CCC.  He also failed to answer the complaint and was subsequently held to be in default by an order issued by the court on October 1, 2020.  A copy of that order is attached as Exhibit 2. A subsequent motion to set aside the default entered against Mr. Slayton in the Underlying Action was denied by the court, which scheduled a damages hearing.

## THE POLICY

14.     CCC issued a policy of insurance to Fluor-Lane containing Commercial Liability Coverage.  The policy bears number 6042620166.  The policy incepted on May 19, 2016 and remains in effect.  The policy has the following relevant Insuring Agreement:

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**1. Insuring Agreement**
   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily

3

injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

…

The policy defines Who is an Insured. In relevant part, it provides the following:

**SECTION II – WHO IS AN INSURED**

…

**2.** Each of the following is also an insured:

**a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees," other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

**(1)** "Bodily injury" or "personal and advertising injury":

**(a)** To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

**(b)** To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph **(1)(a)** above;

**(c)** For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraph **(1)(a)** or **(b)** above; or

**(d)** Arising out of his or her providing or failing to provide professional health care services.

…

The policy has Conditions to coverage. In relevant part, it provides the following:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

…

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured persons and witnesses; and

4

    **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

  **b.** If a claim is made or "suit" is brought against any insured, you must:

    **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

    **(2)** Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

  **c.** You and any other involved insured must:

    **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

    **(2)** Authorize us to obtain records and other information;

    **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

    **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

  **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

...

15. The named insured under the terms of the policy is Fluor-Lane. Mr. Slayton is an insured by virtue of the fact that he is alleged to have been an employee of Fluor-Lane at the time of the accident giving rise to the Underlying Action and was allegedly performing duties related to the conduct of Fluor-Lane's business.

16. A true and accurate copy of the policy, with redaction of confidential and/or proprietary information, is attached hereto and incorporated herein by reference as Exhibit 3.

17. On information and belief, Mr. Slayton expects or may expect to be covered under the CCC policy in connection with the claims against him in the Underlying Action. CCC is currently defending him under the policy pursuant to a reservation of rights.

18. Mr. Slayton's failure to forward to CCC the suit papers in the Underlying Action constitutes a breach of the conditions in the policy setting forth an insured's Duties in the Event of an Occurrence, Claim or Suit. The failure has resulted in substantial prejudice to CCC in that it has had no opportunity to investigate the loss or to fully defend Mr. Slayton in the Underlying Action because of the default that was entered against Mr. Slayton.

19. To the extent that Mr. Slayton denies that he failed to comply with conditions to coverage under the CCC policy or denies that CCC suffered substantial prejudice by not being informed that Mr. Slayton was served with the summons and complaint in the Underlying Action prior to the entry of default against Mr. Slayton, there is an actual controversy existing between CCC and Mr. Slayton regarding CCC's obligations under the policy in connection with the Underlying Action.

20. Due to Mr. Slayton's failure to comply with the policy conditions and his violation of these policy provisions, and the consequent substantial prejudice to CCC in its ability to investigate the loss and fully defend Mr. Slayton against the Underlying Action, CCC is entitled to a judicial declaration that it owes no duty to defend or indemnify Mr. Slayton in the Underlying Action.

## FOR A FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT

21. The allegations contained in paragraphs 1 through 20 are incorporated herein by reference.

22. CCC seeks a declaration from this court that it has no defense or indemnification obligations to Mr. Slayton because of his failure to comply with the notice conditions contained in the policy.

23. Specifically, as set forth above, the policy conditions require that the named insured and any other involved insured (Mr. Slayton) immediately send CCC copies of any demands, notices, summons or legal papers received in connection with the suit. Although he was personally served with the summons and complaint in the Underlying Action, Mr. Slayton failed to send them to CCC. He never contacted CCC or made it aware of the service of the summons and complaint and never turned over the suit papers to CCC. As such, CCC never had an opportunity to investigate or fully defend Mr. Slayton in the Underlying Action in any respect.

24.     In addition to failing to comply with the policy conditions by immediately sending CCC copies of the summons and complaint in the Underlying Action, Mr. Slayton took no action to respond to the Underlying Action or protect himself against the allegations of Dana L. Yantis in any respect whatsoever.  He did not file responsive pleadings or motions and did not obtain an extension of time in which to do so.  As such, a default was entered against him in the Underlying Action.

25.     After it learned of the Underlying Action, CCC retained counsel to represent Mr. Slayton.  That counsel moved the court in the Underlying Action to have the default set aside.  The court in the Underlying Action denied that motion.  As such, the Underlying Action remains in default insofar as Mr. Slayton is concerned.

26.     The default, caused by Mr. Slayton's failure to meet the notice conditions to coverage under the CCC policy, has caused substantial prejudice to CCC.  Because of the default, CCC did not have an opportunity to defend Mr. Slayton in the Underlying Action on the issue of liability and has only a limited ability to defend on the issue of damages. Further, it has limited ability to defend him in the default proceedings.  Given the clear substantial prejudice to CCC caused by Mr. Slayton's failure to comply with the conditions of the policy, the policy provides no coverage for Mr. Slayton and thus CCC has no duty to defend or indemnify him in the Underlying Action in any respect.

WHEREFORE, a justiciable controversy exists between the parties in this action arising out of Mr. Slayton's failure to immediately send CCC copies of the summons and complaint and advise it of his being served.  Therefore, CCC asks this court to construe and determine the rights of the parties and declare that (a) the policy issued by CCC to Fluor-Lane provides no coverage for Mr. Slayton for the claims asserted in the Underlying Action; and (b) CCC has no duty to defend or indemnify Mr. Slayton in any respect for the claims asserted in the Underlying Action.

CCC thus prays that it be granted the relief set forth above, for the costs of this action and for any such other and further relief as this court shall deem to be just and proper.

s/Phillip E. Reeves
Phillip E. Reeves (Fed. I.D. No. 3232)
Gallivan, White & Boyd, P.A.
Post Office Box 10589
Greenville, South Carolina 29603
(864)271-9580
preeves@gwblawfirm.com

Attorneys for Plaintiff, Continental Casualty Company

Greenville, South Carolina

September 20, 2021